Joyce T. Haft v. Commissioner. Alfred Lewis Haft v. Commissioner.
Haft v. Commissioner
Docket Nos. 3966-69 SC., 4172-69 SC.
United States Tax Court
T.C. Memo 1970-38; 1970 Tax Ct. Memo LEXIS 322; 29 T.C.M. (CCH) 124; T.C.M. (RIA) 70038; February 12, 1970, Filed. Joyce T. Haft, pro se, in Docket No. 3966-69 SC. Alfred Lewis Haft, pro se, in Docket No. 4172-69 SC. A. Mills McCawley, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: In these consolidated cases respondent determined the following Federal income tax deficiencies aginst the petitioners: Petitioner
Year
Deficiency
Joyce T. Haft
1964
$402.48
Alfred Lewis Haft
1964
918.21
At the trial of these cases Joyce T. Haft and respondent conceded *323 that Alfred L. Haft is entitled to the deduction for the dependency exemption for Christine, the petitioners' eldest daughter. Respondent agrees that if Joyce T. Haft is entitled to the dependency exemption deduction for Alfred L. Haft, Jr., she is also entitled under section 214, Internal Revenue Code of 1954, [1] to deduct $600 for child care expenses. Alfred L. Haft has conceded that respondent correctly disallowed $150 he claimed as contributions. Thus, the only issue remaining for decision is which of the petitioners provided more than half of the total support of their three minor children, Cathy, Constance and Alfred, Jr., in the year 1964 for dependency exemption deduction purposes under sections 151(e) and 152(a). Findings of Fact Some of the facts were stipulated by the parties and are found accordingly. Joyce T. Haft was a legal resident of New York, New York, when she filed her petition in this proceeding. Her individual Federal income tax return for the year 1964 was filed with the district director of internal revenue in Brooklyn, New *324 York. Alfred Lewis Haft was a legal resident of Mount Vernon, New York, when he filed his petition in this proceeding. His individual Federal income tax return for the year 1964 was filed with the district director of internal revenue for the Manhattan District. Alfred and Joyce are the parents of four children. In 1964 the children, Christine (age 17), Cathy (age 14), Constance (age 11) and Alfred, Jr. (age 6), were all minors. On July 11, 1962, petitioners were separated pursuant to a judgment entered by the Supreme Court of the State of New York for Nassau County. The judgment provided, in part, that Joyce would have custody of the children subject to Alfred's visitation rights, and that Alfred would pay to Joyce for the support of the children the sum of $125 per week. During 1964 Cathy, Constance and Alfred Jr. resided with their mother. Christine attended a boarding school for over 8 months and resided with her mother during the summer. Alfred exercised his visitation rights during that year. 125 In 1964 Alfred was a salesman whose gross income was $18,701.23. Joyce was a school teacher whose gross income was $6,895.58. In 1964 she received tax refunds totaling *325 $816.01, and her mother, Mrs. Caroline F. Tamres, gave her about $3,000. Joyce also withdrew about $1,000 from savings accounts. Pursuant to the Court judgment, Alfred paid $125 per week in 1964 as child support. These totaled $6,500. In addition, he took three children on a summer vacation for 10 days to 2 weeks at a cost of about $60 per child, and he gave each child gifts of $100 during the year. He provided $1,785 for each of these children. The total amount spent for the support of the three children in 1964 was approximately $10,652.19, as follows: Cathy
Constance
Alfred Jr.
Lodging
$ 586.82
$ 586.82
$ 586.82
Utilities
182.93
182.93
182.93
Summer camp
377.63
377.63
377.63
Private school
948.10
Medical and dental
287.45
287.45
30.00
Drugs
25.00
100.00
10.00
Hospitalization insurance
30.00
30.00
30.00
Clothes
550.00
400.00
300.00
Food
600.00
600.00
600.00
Child care
217.35
217.35
217.35
Gifts
200.00
200.00
150.00
Vacation
60.00
60.00
60.00
Recreation and miscellaneous 350.00
350.00
300.00
Total
$3,467.18
$3,392.18
$3,792.83
Alfred L. Haft provided more than half of the total support for *326 Cathy and Constance in 1964. Joyce T. Haft provided more than half of the total support for Alfred Jr. in 1964. Opinion The only issue we must decide is which of the petitioners, Joyce or Alfred, is entitled under section 151(e) to the dependency deductions claimed by each of them for Cathy, Constance and Alfred Jr. in 1964. To protect the revenue, respondent originally disallowed the claimed exemptions to both petitioners. However, he now takes a neutral position, contending that the Court should decide on the evidence presented which petitioner is entitled to the exemptions. Section 152(a) defines the term "dependent" as meaning a daughter or son of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." It is quite apparent from the testimony of Joyce and Alfred that they fulfilled their parental responsibilities by providing a substantial amount for the support of each child. The figures are close. We believe some of the claimed expenditures of both are inflated. Consequently, we have reduced some of them that were based on estimates. In Alfred's case, we have reduced the claimed *327 vacation expenses and gifts, and eliminated all amounts he claimed for purchases of clothing for the children. In Joyce's case, we have substantially reduced the estimate of $100 per month per child for food. In our opinion her estimate of food costs is grossly inflated. We have allowed only $600 per child for food in the year 1964. [2]
After considering and weighing all of the evidence presented, we have concluded and found as a fact that Alfred provided more than half of the support for Cathy and Constance in 1964, and that Joyce *328 provided more than half of Alfred Jr.'s support in such year. Joyce is also entitled to a $600 child care expense deduction for Alfred Jr. To reflect these conclusions and the concessions made by the parties, Decisions in both dockets will be entered under Rule 50. 126 Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. This figure appears to be reasonable. It is more than the estimated food costs per week under a "liberal plan" for children, as released by the United States Department of Agriculture, Consumer and Food Economics Research Division. For example, in April 1964, the "U.S.A. Average" under a "liberal plan" was $6 90 per week for children 4 to 6 and $10.10 per week for children 13 to 15. Moreover, the amount we have allowed compares favorably to a figure of $2,330 for food for a family of four with a moderate standard of living, residing in New York in 1967. See U.S. Bureau of Census, Statistical Abstract of the United States, 1969 (90th Ed.), p. 348.↩